UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| Case No. | LA CV15-02568 JAK (JPRx) | Date | April 8, 2015 |
|---|---|---|---|
| Title | Eagle Vista Equities, LLC v. Timothy Jon Ortiz et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER REMANDING CASE (JS-6)

On February 18, 2015, Eagle Vista Equities, LLC ("Plaintiff") filed an unlawful detainer action against Timothy Jon Ortiz and Lisa Irene Ortiz ("Defendants") in the Ventura Superior Court. Compl., Dkt. 1 at 10. Plaintiff claims it acquired title to property ("Property") at a February 3, 2015 foreclosure sale. Plaintiff also alleges that Defendants continue to occupy the Property without permission. *Id.* ¶¶ 4, 10. Plaintiff seeks restitution and possession of the premises and damages based on the fair rental value of the Property for the time period when Defendants allegedly resided there unlawfully. *Id.* at 12.

Defendants removed this action on April 7, 2015. Dkt. 1 at 1. They claim there is federal question jurisdiction under the "Protecting Tenants at Foreclosure Act of 2009," 12 U.S.C. § 5201. They argue that this statute "provides for a ninety (90) day notice period prior to the filing of any state eviction proceeding." *Id.* ¶ 7. On these grounds, they contend that there is federal subject matter jurisdiction, permitting their removal of the action. *Id.* at 3.

Plaintiff has not responded to the removal. However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) (citing Fed. R. Civ. P. 12(h)(3)). Because there is no subject matter jurisdiction over this action, it is **REMANDED**.

Federal courts are ones of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). For this reason, a determination of subject matter jurisdiction must be made before the merits of a case can be addressed. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). The party removing an action bears the burden of establishing federal jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). "Where doubt regarding the right to removal exists, a case should be remanded to state court," because "it is well established that the plaintiff is master of her complaint and can plead to avoid federal jurisdiction." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV15-02568 JAK (JPRx) | Date | April 8, 2015 |
| Title | Eagle Vista Equities, LLC v. Timothy Jon Ortiz et al. | | |

Under the "'well-pleaded complaint rule,' federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The Complaint does not refer to 12 U.S.C. § 5201 or the "Protecting Tenants at Foreclosure Act of 2009," and does not, on its face, present any federal question. Instead, it is an unlawful detainer action brought pursuant to Cal. Code Civ. Proc. § 1161a. "An unlawful detainer action arises solely under state law. Thus, an unlawful detainer claim such as the one asserted by Plaintiff here does not raise a federal question." *Fed. Home Loans Mortgage Corp. v. Ngoc Lan C. Le*, 2012 WL 1681976, at *2 (E.D. Cal. May 14, 2012) (citation omitted).

The "Protecting Tenants at Foreclosure Act" may be an anticipated federal defense or counterclaim of Defendants, but under the well-pleaded complaint rule, these are not sources of federal jurisdiction. *See Franchise Tax Bd. v. Const. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983). Other federal district courts have considered this issue and have concluded "that a defense based on the Protecting Tenants at Foreclosure Act cannot serve as a basis for removal jurisdiction." *First N. Bank of Dixon v. Hatanaka*, 2011 WL 6328713, at *4 (E.D. Cal. Dec. 16, 2011) (citing cases); *see also Next Generation Capital, LLC v. Thai*, 2013 WL 4381840, at *2 (N.D. Cal. Aug. 9, 2013) ("The PTFA is intended to be used for protection in state court but does not create a private right of action or a basis for federal subject matter jurisdiction.") (citation omitted). This Court agrees with this analysis. For that reason, federal question jurisdiction is not present on the basis advanced by Defendants.

Nor is there diversity jurisdiction over this action. Diversity jurisdiction arises where the parties are citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The citizenship of each party is not made clear by the Complaint or the notice of removal. However, even if the parties were of diverse citizenship, Defendants have not shown that the demand in the Complaint for an amount "not [to] exceed $10,000" should be disregarded. *See Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013) ("If [a plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.") (citation omitted); *see also RJ Moon Inc. v. Ashraf*, 2013 WL 4451077, at *2 (C.D. Cal. Aug. 16, 2013) ("[t]he amount in controversy in an unlawful-detainer action is ... determined by the amount of damages sought in the Complaint, not by the value of the subject property.") (citation omitted).

Defendants have not carried their burden to show federal jurisdiction.. Therefore, there was no basis for removal and the action must be remanded. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). For the reasons stated in this Order, this action is **REMANDED** to the Ventura Superior Court at its Hall of Justice, 800 South Victoria Avenue, Ventura, California, 93009.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| Initials of Preparer | ak | |